Loring, J.,
delivered the opinion of the Court.
” The case comes up on demurrer to the petition, which states that the petitioner was a laborer in the office of the Commissioner of Public BuildiDgs, being one of the offices of the Department of the Interior, and was in the employment of the government in the city of Washington.
That by a joint resolution of Congress, No. 18, approved August 18, 1856, (11 U. S. L., 145,) it was provided that all laborers in the ■employment of the government in the executive departments and on the public grounds in the city of Washington shall receive an annual •salary of six hundred dollars each from and after July 1, 1856.
And he avers that he has been paid only four hundred and thirty-eight dollars per annum, and he claims the difference between that sum and six hundred dollars per annum for eight years and one quarter, being one thousand three hundred and thirty-six dollars and fifty cents.
The demurrer in this case is not on file, and no copy of it, either written or printed, can be found; but enough of its purport is shown by the arguments of counsel on file, and the statements of the Deputy Solicitor, to enable the court to decide the question it raised.
Mr. J. D. McPuerson for claimant.
Mr. J. B. Kerr, Deputy Solicitor, for the government.
It was a special demurrer, and specified for cause that the petitioner was employed in a menial service in taking care of the water-closets in the Capitol, and that his compensation was specified in the act of appropriation of August 18, 1856, c. 162, 11 U. S. L., 116, at-$438 per annum.
This states a fact not stated in the petition, viz : that the petitioner had charge of the water-closets in the Capitol; and if the defendant» relied on it, they should have pleaded it, and given the petitioner an opportunity to traverse it. The demurrer, therefore, is bad, and the-cause it specifies cannot be considered under it.
The judgment is that the demurrer be overruled.